UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| NOEL DIAZ, | Case No. 1:12-cv-00144-BLW |
|---|---|
| Plaintiff, | MEMORANDUM DECISION AND ORDER |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## INTRODUCTION

Pending before the Court is Noel Diaz's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. 1). Having reviewed the record, including the record in the underlying criminal case, the Court will deny the petition.

## BACKGROUND

Diaz was indicted on February 9, 2011, on one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846; and one count of distributing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1)(C), and 846. (Dkt. 1.) Diaz entered into a plea agreement with the Government, in which he agreed to plead guilty to count one, and the Government agreed to dismiss count two. In that agreement, Diaz agreed to waive his appellate and 28 U.S.C. § 2255 rights. *Plea Agreement*, Ex. A, ¶ VI. On June 15, 2011, Diaz entered a knowing and voluntary plea before Magistrate Judge Ronald E. Bush. (Dkt. 33.) On September 14, 2011, Diaz was sentenced to 108-months imprisonment, four years of supervised release, and a $100 special assessment on Count One. (Dkt. 54.) Count Two was dismissed by the Government.

Diaz then filed a motion to vacate his sentence under 28 U.S.C. § 2255 on March 20, 2012.

## LEGAL STANDARD

Section 2255 provides four grounds that justify relief for a federal prisoner who challenges the fact or length of his detention: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a). Despite this seemingly broad language, "the range of claims which may be raised in a § 2255 motion is narrow." *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir.1981).

A response from the government and a prompt hearing are required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief ...." 28 U.S.C. § 2255(b); *United States v. Leonti*, 326 F.3d 1111, 1116 (9th

Cir. 2003) (quotation omitted). To obtain an evidentiary hearing, a defendant "must make specific factual allegations which, if true, would entitle him to relief on his claim." *United States v. Keller*, 902 F.2d 1391, 1395 (9th Cir. 1990). Conclusory statements, without more, are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993).

## ANALYSIS

Diaz moves to vacate his sentence based on two ineffective-assistance-of-counsel claims. Diaz alleges that his counsel was ineffective because: (1) his counsel failed to argue any mitigating factors that would have persuaded the court to impose a lesser sentence; and (2) his counsel failed to inform him of the Fast Track Program, which would have allowed him to be deported sooner rather than serving his entire 108-month sentence before deportation. *Def.'s Mot.*, Dkt. 1. Even accepting the truth of Diaz's factual allegations, no hearing is warranted. The Court will decide the motion based on the briefing and the record.

1. **Waiver of Appeal Rights**

The Government contends that Diaz waived his right to bring the claims alleged in his § 2255 Motion. A review of the Plea Agreement and the plea colloquy supports this contention.

Pursuant to the Plea Agreement, in return for the concessions made by the Government, Diaz agreed to waive his right to appeal or to seek relief under § 2255

except under certain limited circumstances.[1] *Plea Agreement* ¶ VI, Dkt. 5. More specifically, Diaz agreed to waive his right to file a § 2255 motion except for one alleging ineffective assistance of counsel based solely on information not known to his at the time

---

[1] The full waiver provision provides as follows:

> In exchange for this Agreement, and except as provided in subparagraph B, the defendant waives any right to appeal or to collaterally attack the conviction, entry of judgment, and sentence.
>
> The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging the plea, conviction or sentence in this case. Further, if the defendant violates this waiver it will be a breach of this Agreement and the Government may withdraw from this Plea Agreement and take other remedial action.
>
> If the defendant believes the Government has not fulfilled its obligations under this Agreement, the defendant will object at the time of sentencing; further objections are waived.
>
> Notwithstanding subparagraph A, the defendant shall retain the right to file one direct appeal only if one of the following unusual circumstances occur; the defendant understands that these circumstances occur rarely and that in most cases this Agreement constitutes a complete waiver of all appellate rights:
>
> > 1. the sentence imposed by the District Court exceeds the statutory maximum;
> >
> > 2. the District Court arrived at an advisory Sentencing Guidelines range by
> >
> > applying an upward departure under Chapter 5K of the Guidelines; or
> >
> > 3. the District Court exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory Sentencing Guidelines range as determined by the District Court.
>
> Notwithstanding subparagraph A, the defendant may file one habeas petition (motion under 28 U.S.C. § 2255) for ineffective assistance of counsel only if: (1) the motion is based solely on information not known to the defendant at the time the District Court imposed sentence; and (2) in the exercise of reasonable diligence, the information could not have been known by the defendant at that time.

sentence was imposed and which, in the exercise of reasonable diligence, could not have been known by him at that time. *Id.* at ¶ VI.B at 10.

A defendant may waive his statutory right to file a § 2255 motion challenging his sentence. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.), cert. denied, 508 U.S. 979 (1993). However, the plea agreement must expressly state that the right to bring a § 2255 motion is waived in order for the waiver to be valid. *United States v. Pruitt*, 32 F.3d 431 (9th Cir.1994) (finding that language in plea agreement that "he will not appeal whatever sentence is imposed by the court" did not constitute a waiver of the right to bring a § 2255 motion). Nevertheless, even an express waiver may not bar an ineffective assistance of counsel claim challenging the knowing and voluntary nature of the plea agreement or the voluntariness of the waiver itself. *United States v. Jeronimo*, 398 F.3d 1149, 1156 n. 4 (9th Cir.2005). *See also Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir.2005) (finding waiver of right to file § 2254 petition is unenforceable with respect to an ineffective assistance of counsel claim challenging the voluntariness of the waiver itself).

Here, the waiver provision specifically states that the right to file a § 2255 motion is waived except for a § 2255 motion alleging ineffective assistance of counsel based solely on information not known to his at the time sentence was imposed. None of the allegations Diaz advances was unknown to his at the time his sentence was imposed. Therefore, unless his waiver was unknowing and involuntary, all of his claims are barred.

Diaz does not claim that the ineffective assistance of counsel rendered the waiver provision in his plea agreement unknowing, involuntary, or invalid. Diaz first claims that

his counsel was ineffective based on an allegation that counsel failed to raise any mitigating evidence. Diaz fails to specify what mitigating evidence should have been presented, and he does not say that it was not known to him at the time of his sentencing. Diaz next claims that counsel was ineffective because he failed to seek a fast-track departure. But, as described below, the fast-track option was not available to Diaz, and this was known to Diaz at the time because he pleaded guilty to a drug offense.

Regardless, however, Diaz's ineffective assistance of counsel claims would fail.

## 2. Ineffective Assistance of Counsel

### A. *Legal Standard*

To prevail on an ineffective assistance of counsel claim, a defendant must show (1) that his representation fell below objectively "reasonabl[e] effective service" and (2) the reasonable probability that the result was prejudiced by counsel's actions. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). The *Strickland* two-part test is applicable to cases where a defendant claims ineffective assistance of council during a guilty plea. *Hill v. Lockhart*, 474 U.S. 54, 58 (1985). Allegations that are merely conclusory are insufficient to support a claim for ineffective assistance of counsel. *United State v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). The Court may evaluate the elements of ineffective counsel in either order, and need not show that both elements are not if there is insufficient showing of one. *Id.* at 697.

Generally, there is no rule that defines the basis for a finding of ineffective counsel; rather it is based on case specific circumstances. *Strickland*, 466 U.S. at 690. However, there is a presumption that "counsel's conduct falls within a wide range of

reasonable professional assistance." *Id.* To show that counsel did not perform reasonably effective service, Diaz must show that counsel made errors that no reasonable attorney would have made under the same circumstances. *Id.* In evaluating counsel performance, the court should analyze performance throughout the case to determine if the alleged erroneous conduct "overcomes the presumption that counsel rendered reasonable professional assistance." *Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986).

To show prejudice, a defendant must show that without counsel's errors, there is a "reasonable probability" that the result of the case would be different. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The burden to show prejudice is on the moving party. *Id.* The standard to show prejudice is "highly demanding." *Kimmelman*, 477 U.S. at 381-82. Even if there were an unreasonable error by counsel, if it does not affect the outcome, the judgment should not be set aside. *Strickland*, 466 U.S. at 62.

### B. *Mitigating Factors*

Diaz does not specify which mitigating factors that counsel failed to raise. Without knowing what those mitigating factors are, the Court cannot say that Diaz suffered prejudice for counsel's alleged failure to raise them. More importantly, a sentencing court is required by Sentencing Guideline section 1.B1.2(b) to factor relevant conduct, as described in section 1B1.3, into the sentencing determination. Because section 1.B1.2(b) instructs the sentencing judge to apply the factors in section 1B1.3, they are automatically applicable, and therefore counsel's alleged failure to raise them with the sentencing judge

is harmless, and therefore counsel's alleged failure to raise the issue did not constitute ineffective assistance. Therefore, even if Diaz could raise this claim, it would fail.

### C. *Fast-Track Program*

The defendant must meet certain minimum requirements to be eligible for a downward departure under a fast-track sentencing program. *Id.* at 319–20. First, the defendant must promptly plead guilty to the charges. Second, the defendant must enter a written plea agreement that contains an accurate factual description of the offense conduct, an agreement not to file pretrial motions under Federal Rule of Criminal Procedure 12(b)(3), and a waiver of the right to appeal or challenge the conviction, except on the issue of ineffective assistance of counsel. *Id.*

Here, Diaz, relying specifically on the fast-track program and the Justice Department's 2012 policy change, appears to argue that his attorney was ineffective for failing to seek a fast-track departure based merely on the fact he is in this country illegally without regard to his offense of conviction. This argument must fail.

Fast-track sentencing was not available to Diaz at sentencing. First, the fast-track downward departure is not available in the District of Idaho or in any district for the drug offenses of which Diaz was convicted under 21 U.S.C. §§ 841 and 846. Therefore, Diaz did not suffer prejudice because of the failure of his counsel to make the motion.

Diaz has failed to meet *Strickland*'s deficient performance prong as well. His trial counsel's failure to request a fast-track departure cannot be characterized as unreasonable by prevailing professional standards. As noted above, Diaz was ineligible for a fast-track reduction based on the crime with which he was charged and convicted. Based on his

obvious ineligibility, this Court cannot hold that any reasonable lawyer would have made a request for a fast-track departure at the sentencing hearing. Because Diaz has not shown unreasonable performance by his attorney or prejudice this Court must dismiss this claim.

## CERTIFICATE OF APPEALABILITY

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b). A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong. *Id.*; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir.2006).

After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's rulings on Diaz's claims to be debatable or wrong. Accordingly, a certificate of appealability will not issue.

# ORDER

IT IS ORDERED that:

1. Defendant Rafeal Diaz's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. 1) is DENIED; and

2. No certificate of appealability shall issue. Diaz is advised that he may still request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22–1. To do so, he must file a timely notice of appeal.

3. If Diaz files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals. The district court's file in this case is available for review online at www.id.uscourts.gov

DATED: October 15, 2014

B. Lynn Winmill
Chief Judge
United States District Court